UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZANE SCHLEGELMILCH,
    Plaintiff,

vs.                                          Case No. 8:06-CV-139-T-27MAP

CITY OF SARASOTA POLICE
DEPARTMENT,
    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss and Motion to Strike (Dkt. 5), and Plaintiff's Brief in Response (Dkt. 9). Upon consideration, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. Defendant's Motion to Strike is DENIED.

Zane Schlegelmilch ("Plaintiff") filed this action for relief against the City of Sarasota Police Department ("Defendant"), alleging Defendant violated the Florida Civil Rights Act of 1992, Ch. 760, Fla.Stat. (2005) ("FCRA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff's Complaint alleges gender discrimination resulting from Plaintiff's failure to conform to Defendant's stereotype of how a male should act (Counts I - IV) and discrimination due to a perceived disability (Counts V - VIII). (Dkt. 2).

### Applicable Standards

Motion to Dismiss

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957) (*citations omitted*); *see also South Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

The Federal Rules of Civil Procedure require "a short plain statement of the claim" that will "give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47 (quoting Fed. R. Civ. P. 8(a)(2)). Complaints alleging employment discrimination are not subject to a heightened pleading standard. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).

Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that upon motion by a party, the Court may order stricken from any pleading any "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Striking a pleading is a drastic remedy and a motion to strike should rarely be granted. *Augustus v. Bd. of Public Instruction*, 306 F.2d 862 (5th Cir. 1962).[1] A motion to strike will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Seibel v. Soc'y Lease, Inc.*, 969 F.Supp. 713, 715 (M.D. Fla. 1997).

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

## Discussion

<u>Motion to Dismiss Plaintiff's Gender Discrimination Claims</u>

Defendant argues that Plaintiff fails to state a cause of action in Counts I, II, III and IV for hostile work environment and disparate treatment under Title VII and the FCRA.[2] (Dkt. 5, ¶ 10). Specifically, Defendant contends dismissal is appropriate because Plaintiff fails to allege facts suggesting gender stereotyping or any underlying gender basis for the alleged harassing comments. Defendant also contends Plaintiff fails to allege "that he was discriminated against because of Defendant's belief that he does not adhere to a societal concept of masculinity." (Dkt. 5, p. 9).

Title VII does not prohibit harassment or discrimination based on an individual's sexual orientation. *See Simonton v. Runyon*, 232 F.3d 33, 35 (2d Cir. 2000). However, discrimination based on gender stereotyping has been recognized by the Supreme Court as discrimination prohibited by Title VII. *See Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), *overruled by statute on other grounds*, § 107 of the Civil Rights Act of 1991, Publ. L. No. 102-166, 105 stat. 1071; *see also Dawson v. Bumble and Bumble*, 398 F.3d 211, 218 (2d Cir. 2005) ("[e]mployees who face adverse employment actions as a result of their employer's animus toward their exhibition of behavior considered to be stereotypically inappropriate for their gender may have a claim under Title VII"). Title VII does not bar a claim of sexual discrimination merely because the plaintiff and defendant are of the same sex. *See Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 79 (1998). A man may base a discrimination claim on evidence of same-sex discrimination resulting from his

---

[2] The FCRA is patterned after Title VII. Therefore, cases interpreting Title VII are applicable to employment discrimination claims brought pursuant to the FCRA. *See Maniccia v. Brown*, 171 F.3d 1364, 1368 n.2 (11th Cir. 1999).

[3] Defendant implies that Plaintiff's claims are based on sexual orientation and thereby do not qualify as harassment or discrimination under Title VII. (Dkt. 5, ¶11). Defendant's contention is unpersuasive, however, in light of Plaintiff's allegation that he was harassed because he did not fit Defendant's stereotype of how a male should conduct himself. (Dkt. 2, ¶ 16).

3

failure to meet stereotyped expectations of masculinity. *See Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 261 n.4 (1st Cir. 1999).

Plaintiff's claims for hostile work environment and disparate treatment include allegations that Defendant discriminated against him because he did not fit Defendant's stereotype of how a male should act. (Dkt. 2, ¶ 16). Specifically, Plaintiff alleges co-workers and supervisors "frequently made fun of his appearance, mannerism, gestures, patterns of speech and his seriousness." (Dkt. 2, ¶¶ 12-15). Plaintiff alleges that he was harassed because "he did not fit [Defendant's] 'macho' image." (Dkt. 2, ¶ 12). At this stage of the proceedings, Plaintiff need only set forth a "short plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz*, 534 U.S. at 508 (citing Fed. R. Civ. P. 8(a)(2)). Plaintiff's allegations, therefore, sufficiently state a claim for gender discrimination in violation of Title VII and the FCRA. *See Hopkins*, 490 U.S. 288. At this stage, the court cannot conclude beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley*, 355 U.S. at 45-46. Accordingly, Defendant's motion to dismiss Plaintiff's gender discrimination claims (Counts I, II, III and IV of the Complaint) is DENIED.

Motion to Dismiss Disability Claims

Defendant contends Plaintiff fails to state a cause of action in Counts V, VI, VII and VIII of the Complaint for discrimination pursuant to the ADA and the FCRA. (Dkt. 5, ¶ 5). To state a *prima facie* case of discrimination pursuant to the ADA, the plaintiff must show (1) a disability (real or perceived), (2) that he was otherwise qualified to perform essential functions of the job, and (3) that he was discriminated against based upon the disability. *Gordon v. E.L. Hamm & Assoc., Inc.*, 100 F.3d 907, 910 (11th Cir. 1996). In addition, the plaintiff must demonstrate that his employer had actual or constructive knowledge of the disability or considered the plaintiff to be disabled. *Id.*

In the Complaint, Plaintiff alleges that he was subject to harassment and adverse employment actions during his employment with the City of Sarasota Police Department because of his perceived handicap and/or disability. (Dkt 2. ¶¶ 81, 86, 91, 96). Viewing the allegations in the light most favorable to the Plaintiff, his alleged perceived handicap is that "nearly everyone at the [City of Sarasota Police Department]" regarded him as "crazy." (Dkt. 5, ¶ 44).

Both the ADA and the FCRA recognize discrimination based on a perceived disability. The ADA defines "disability" as "(a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (b) a record of such an impairment; or (c) *being regarded as* having such an impairment." 42 U.S.C. § 12102(2) (emphasis added). Similarly, the FCRA prohibits employment discrimination "based on . . . handicap." Fla. Stat. 760.10(1). Individuals with a handicap include those with actual physical impairments as well as those who are regarded by others as impaired. *Davidson v. Iona-McGregor Fire Protection and Rescue Division*, 674 So.2d 858, 860 (Fla. 2d DCA 1996) (citing *School Bd. Of Nassau County, FL v. Airline*, 480 U.S. 273, 281-84 (1987)). "[A] plaintiff may maintain a claim under the ADA of being perceived as disabled without proof of actually being disabled." *Williams v. Motorola, Inc.*, 303 F.3d 1284, 1290 (11th Cir. 2002).

Plaintiff's allegation concerning his perceived disability, namely that everyone regarded him as "crazy", falls short of Rule 8's liberal pleading standard. Specifically, Plaintiff fails to allege a perceived disability that "substantially limit[s] one or more of [Plaintiff's] major life activities." *See* 42 U.S.C. § 12102(2). Identification of a real or perceived disability is a requirement of a cause of action under the ADA. *Gordon*, 100 F.3d at 910. Therefore, Defendant's motion to dismiss Plaintiff's claims under the ADA and FCRA (Counts V, VI, VII, and VIII of the Complaint) is GRANTED. These claims are dismissed without prejudice. Plaintiff is granted twenty (20) days

5

from the date of this Order to file an amended complaint . *See Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) ("[o]ur strict adherence to [rule 12(b)(6)] has led us to hold that a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted").

Motion to Strike

Defendant moves to strike Paragraphs 23 through 25 of Plaintiff's Complaint as immaterial, impertinent, and scandalous. (Dkt. 5, p.10). Plaintiff contends that these paragraphs relate to his claim because they indicate "at least one of the motivating factors for [the Chief of Police's] harassment and discrimination" of Plaintiff. (Dkt. 9, p.18). This Court cannot conclude that Plaintiff's allegations regarding the Chief of Police's motivations are completely unrelated and have "no possible relation" to Plaintiff's discrimination claims. Defendant's Motion to Strike is, therefore, DENIED. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. Defendant's motion to dismiss Counts I, II, III, and IV is DENIED.

2. Defendants' motion to dismiss Counts V, VI, VII and VIII is GRANTED. Counts V, VI, VII and VIII are dismissed without prejudice. Plaintiff shall have twenty (20) days from the date of this order to amend the complaint.

3. Defendant's motion to strike is DENIED.

**DONE AND ORDERED** in the chambers of this 3rd day of August, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of record